## No. 13,705.

### JAMES M. HENNESSEY, LIQUIDATOR AND INDIVIDUALLY, vs. MRS. MARY G. T. STEMPEL, GUARDIAN, ETC.

#### SYLLABUS.

The pledgee owes an account to the pledgor for all amounts collected on the claim against third persons left with him as collateral security, and, when called upon to account, it devolves upon him to show what has become of the pledged securities.

Those under whom defendant holds having failed to account, she is held liable for the amount at which it appears the security was sold and which amount had not previously been credited to plaintiff's account.

The questions of pledge and prescription were decided in the prior suit between the same parties, which is reported in the 52nd Ann., page 449.

APPEAL from the Civil District Court, Parish of Orleans— Theard, J.

*William S. Benedict,* and *Andrew J. Murphy,* for Plaintiff, Appellee.

*E. Howard McCaleb,* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J.   This is an action of the pledgor against the pledgee to compel the latter to account for the amount at which he sold the note pledged to him as security for a loan.

It is well settled that the pledgee is bound to account to the pledgor for all amounts collected on the claims against third persons left with him as collateral security, and when called upon for an accounting, it is for him to show what has become of the pledged security.

In this instance, the defendant who inherited the right and obligation of the pledgee refused to account, averring that the note was discounted and that it was the property of those from whom she holds; that it was not transferred in pledge and that in consequence she owes no account.

The testimony as to whether the note was discounted and became the property of the McCans, under whom defendant holds, or was transferred to them in pledge, is conflicting.   The weight of the testimony and the circumstances show that it (the note) was deposited as a collateral security.   One of the entries in the books of the late firm sets out that this note was to be held as security for all indebtedness to the firm.

Witnesses have, by their testimony, identified this note as one pledged more particularly to secure one of the loans which was for fifteen hundred dollars ($1500.00) and we infer that in addition it was to be held as security for any other amount which might become due by the borrowers to the firm in question.

We have examined the books of McCan and Son, introduced in evidence.   They had been called for by plaintiff by whose counsel they have been examined.   They were offered in evidence by defendant and admitted by the court.   Having been called for and examined by plaintiff, they were admissible in evidence.   45 Fed. Rep. 59; 4 Cranch; C. C. 532; Fed. Cases 29, p. 94.   Defendant's objection is that although admitted in evidence, they were not considered by the lower court.   In

view of this complaint, we have brought to bear our most careful attention in examining them.

Our attention was, in the first place, arrested by the following entry in the stub of the check book showing that on Aug. 14th, 1884, John Hennessey & Bro., in liquidation, received check 1272 from D. C. McCan & Son on the note of A. Sorrell (the note which defendant claims was discounted), quoting from the entry: "Balance of note to be retained for bal. if any notes due us by Hennessey & Bro."— $1,500.00 is the amount for which the check was issued. The amount of the A. Sorrell note was $5,535.00. This has not the appearance of a discount and acquisition of the last mentioned note by McCan & Son as it expressly mentioned that the balance was to be retained as security for other notes due by plaintiff.

The entries as relates to the amount collected on this note, deposited as collateral security afterward were all made in the name of McCan & Son and not as if retained as security for other notes. The book-keeper, Levy, of this firm, testified that he then kept note of these items of collection.

We excerpt the following from his testimony: "After the death of Charles P. McCan (of the firm), as I was not aware of the accounts, he having kept the cash account, I placed them to the account of D. C. McCan pending any settlement of the account."

If, as we infer, the note was to be held as collateral security, as before mentioned, there was no good reason to carry the sums collected as was done. They should have been carried to the credit of plaintiff's account.

The principle is clearly laid down that it is the duty of the pawnee to render account of all collections derived by him from the pledge. Story on Bailment, p. 809. We understand that no account was rendered as required, and that it does not appear with any degree of certainty that plaintiff was indebted to the firm in question after they had collected sufficiently to cover the loan in question.

We excerpt the following from the testimony of the witness, McMurdo:

"Q.—What was the result then of your investigations of these books?

"A.—I found, as I stated just now, that a good many notes dis-

counted by D. C. McCan & Son and charged *in toto* to John Hennessey & Bro. had never been placed to their credit when paid."

We have not found that proper credit was given at any time, although as per entry before referred to the note was deposited to secure Hennessey's indebtedness. The original agreement was in 1884. In 1885 the following is the entry in the books: "Jno. Hennessey & Bro. credited by discts. A. Sorrell's note $5535. Jno. Hennessey & Bro. charged to discts. A. Sorrell's note paid $5535"; although there is no evidence that this note was ever paid.

Sometime afterward it was sold for $2500 for account of the first holders, the McCans. No part of this amount is shown to have gone to the credit of plaintiff on indebtedness for which it had been given as collateral. An amount sufficient in addition was collected on this note to pay the $1500 borrowed by Hennessey & Bro. at the time the note in question was deposited as security to pay it as well as other indebtednesses.

This court has already substantially determined that the note was held as a deposit, and that balance due thereon was not prescribed.

By reason of the law and the evidence being in favor of plaintiffs, the judgment is affirmed.